UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01165-SVW-MAA | Date | July 12, 2021 |
|---|---|---|---|
| Title | *Dwight Yoakam v. Warner Music Group Corp. et al.* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [17]

### I.   Introduction

Before the Court is a motion to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) filed by Defendants Warner Music Group Corp., Warner Records, Inc., and Rhino Entertainment Company. For the reasons stated below, the motion is GRANTED IN PART and DENIED IN PART.

### II.   Background

#### a.   Relevant Statutory and Regulatory Provisions

Section 203 of the Copyright Act of 1976 permits authors to terminate grants of copyrighted works. The right of termination was "designed to 'safeguard [] authors against unremunerative transfers ... needed because of the unequal bargaining position of authors, resulting in part from the impossibility of determining a work's value until it has been exploited." *Ray Charles Found. v. Robinson*, 795 F.3d 1105, 1112 (9th Cir. 2015) (quoting H.R. Rep. No. 94-1476, at 124 (1976)).

"Effective termination causes 'all rights ... that were covered by the terminated grants [t]o revert

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01165-SVW-MAA | Date | July 12, 2021 |
|---|---|---|---|
| Title | *Dwight Yoakam v. Warner Music Group Corp. et al.* | | |

to the author, authors, and other persons owning termination interests...." *Id.* at 1113 (quoting 17 U.S.C. § 203(b)). Several procedural and substantive requirements must be met for an author to recapture previously granted copyright interests. Section 203 describes these requirements for grants executed on or after January 1, 1978. 17 U.S.C. § 203(a).

Under section 203(a), "[i]n the case of any work other than a work made for hire, the ... grant ... of any right under a copyright, executed by the author on or after January 1, 1978 ... is subject to termination under [specified] conditions." 17 U.S.C. § 203(a).

First, under section 203(a)(3), "[if] the grant covers the right of publication of the work ... [t]ermination of the grant may be effected at any time during a period of five years ... begin[ning] at the end of thirty-five years from the date of publication of the work under the grant or at the end of forty years from the date of execution of the grant, whichever term ends earlier."

Second, and crucial for this case, under section 203(a)(4), "[t]he termination shall be effected by serving an advance notice in writing." "The notice shall state the effective date of the termination, which shall fall within the five-year period [under section 203(a)(3)], and the notice shall be served *not less than two or more than ten years before that date*." 17 U.S.C. § 203(a)(4)(A) (emphasis added).

The statute contemplates that further details about the "form, content, and manner of service" of the termination notice will be "prescribe[d] by regulation" of the Register of Copyrights. *Id.* § 203(a)(4)(B). One such regulation addresses harmless errors in notices of termination.

The harmless error regulation provides that "[h]armless errors in a notice ... shall not render the notice invalid. For purposes of this paragraph, an error is 'harmless' if it does not materially affect the adequacy of the information required to serve the purposes of 17 U.S.C. 203 [or other termination provisions]." 37 C.F.R. § 201.10(e).

: _____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01165-SVW-MAA | Date | July 12, 2021 |
|---|---|---|---|
| Title | *Dwight Yoakam v. Warner Music Group Corp. et al.* | | |

### b. Factual Background

#### i. Works under 1985 Agreement

Plaintiff Dwight Yoakam is a successful country music singer and songwriter. Plaintiff entered into a recording agreement with Warner Bros. Records, Inc. on November 22, 1985 ("1985 Agreement"). The 1985 Agreement granted Plaintiff's copyright interests in numerous sound recordings and music videos to Warner Bros.

Pursuant to the 1985 Agreement, Warner released, and in some cases re-released, several of Plaintiff's works in the ensuing months. On January 31, 1986, Warner, through its label Reprise Records, released two singles, "Honky Tonk Man" and "Miner's Prayer" ("Singles"). On March 12, Reprise released a full-length album, *Guitars, Cadillacs, Etc., Etc.* ("*Guitars*, *Cadillacs*"). And on March 3, Reprise released a music video for "Honky Tonk Man."

#### ii. Attempt to Terminate Copyright Grants

On February 5, 2019, Plaintiff's counsel served termination notices on Warner Bros. Records. For all listed works, the termination notices gave effective termination dates exactly thirty-five years from the date of publication, which is the first date on which termination could be effected under section 203(a)(3). An image of the key page of the termination notice is reproduced below.

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01165-SVW-MAA | Date | July 12, 2021 |
|---|---|---|---|
| Title | *Dwight Yoakam v. Warner Music Group Corp. et al.* | | |

**Schedule A**

| TITLE OF WORK | NAME OF THE AUTHOR OR CLAIMANT WHOSE GRANT IS BEING TERMINATED. | DATE OF EXECUTION OF THE GRANT | DATE OF PUBLICATION | COPYRIGHT REGISTRATION NUMBER | EFFECTIVE DATE OF TERMINATION |
|---|---|---|---|---|---|
| "Honky Tonk Man"/"Miner's Prayer" | Dwight Yoakam | 11/22/1985 | 1/31/1986 | SR0000071004 | 1/31/2021 |
| "Guitars, Cadillacs, etc. etc." | Dwight Yoakam | 11/22/1985 | 3/3/1986 | SR0000069757 | 3/3/2021 |
| "Little Sister/This Drinkin' Will Kill Me" | Dwight Yoakam | 11/22/1985 | 3/18/1987 | SR0000080878 | 3/18/2022 |
| "Hillbilly Deluxe" | Dwight Yoakam | 11/22/1985 | 4/21/1987 | SR0000087365 | 4/21/2022 |
| "Santa Claus is Back in Town"/"Christmas Eve with the Babylonian Cowboys: featuring Jingle Bells" | Dwight Yoakam | 11/22/1985 | 11/23/1987 | SR0000088689 | 11/23/2022 |
| "Buenas Noches From a Lonely Room" [performed by] Dwight Yoakam. | Dwight Yoakam | 11/22/1985 | 8/2/1988 | SR0000094228 | 8/2/2023 |
| "Just Lookin' For a Hit" [performed by] Dwight Yoakam. | Dwight Yoakam | 11/22/1985 | 9/26/1989 | SR0000107919 | 9/26/2024 |
| "If There Was a Way" | Dwight Yoakam | 11/22/1985 | 10/30/1990 | SR0000124621 | 10/30/2025 |
| "Favorite Country Duets" | Dwight Yoakam | 11/22/1985 | 3/12/1991 | SR0000129505 | 3/12/2026 |
| "Honky Tonk Country" | Dwight Yoakam | 11/22/1985 | 3/12/1991 | SR0000130783 | 3/12/2026 |
| "This Time" | Dwight Yoakam | 11/22/1985 | 3/23/1993 | SR0000157573 | 3/23/2028 |

FAC, Ex. 1, at 7.

     Plaintiff's use of the earliest eligible date for the Singles was a problem. The notice was not served until February 5, 2019, but the earliest eligible date for the Singles – and the effective date listed in the notice – was January 31, 2021. The cover letter for the termination notice reflected the actual date of service, February 5, 2019, but the effective date of termination for the Singles was not updated. *Id.* at 1. On the face of the termination notice, the service date fell five days short of the two-year minimum notice period under section 203(a)(4)(A).

     Plaintiff alleges that the listed effective termination date for the Singles of January 31, 2019 was an "inconsequential and harmless scrivener's error." FAC ¶ 19. He alleges that the intended effective termination date was February 5, 2021, five days later, *id.* ¶ 88, which would be exactly two years from the date of service and well within the five-year termination window.

                                                                                                                     :

Initials of Preparer            PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01165-SVW-MAA | Date | July 12, 2021 |
|---|---|---|---|
| Title | *Dwight Yoakam v. Warner Music Group Corp. et al.* | | |

Based on this five-day discrepancy, Defendants refuse to acknowledge that Plaintiff validly terminated the copyright grant for the Singles.

Defendants represented that they temporarily agreed to take down the sound recordings pending resolution of the dispute.  However, Plaintiff alleges that the sound recording for "Honky Tonk Man" was still available for streaming on Spotify after the alleged effective date.

### iii. Subsequent Works

The next effective termination date in the notice of termination was March 3, 2021, which was thirty-five years from the date of publication of *Guitars, Cadillacs* as well as the "Honky Tonk Man" music video.  Because March 3, 2021 was more than two years after the date of service of the notice of termination on February 5, 2019, the termination of *Guitars, Cadillacs* and the "Honky Tonk Man" music video is not subject to the same arguments as the Singles.

After the March 3, 2021 effective termination date passed for *Guitars, Cadillacs* and the "Honky Tonk Man" music video, Plaintiff found that Defendants continued to make those works available. Plaintiff alleges that recordings from *Guitars, Cadillacs* were available through online streaming services YouTube and Napster.  Likewise, Plaintiff alleges that the "Honky Tonk Man" music video was available on YouTube.

The February 5, 2019 notice of termination also sought termination of grants as to numerous other works.  The listed effective termination dates for those other works fall as late as March 23, 2028. Plaintiff also served a second notice of termination on March 26, 2021 for additional works with effective termination dates as late as November 3, 2030.

### iv. Plaintiff's Claims and Relief Sought

Plaintiff seeks a declaration that the termination notices are effective, and brings claims for copyright infringement and, in the alternative, conversion.

_____ : _____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01165-SVW-MAA | Date | July 12, 2021 |
|---|---|---|---|
| Title | *Dwight Yoakam v. Warner Music Group Corp. et al.* | | |

**III. Discussion**

    **a. Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

In addition to their Rule 12(b)(6) motion, Defendants raise an argument under Rule 12(b)(1) that the case is not ripe as to works with future effective termination dates. "Because standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) (citations omitted).

                                                                                                              :

Initials of Preparer      PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01165-SVW-MAA | Date | July 12, 2021 |
|---|---|---|---|
| Title | *Dwight Yoakam v. Warner Music Group Corp. et al.* | | |

### b. Application

#### i. Copyright Infringement Claim

"Plaintiffs must satisfy two requirements to present a prima facie case of direct infringement: (1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001). Defendants argue that Plaintiff fails to state a claim for copyright infringement because he does not plausibly allege ownership of the copyrights in the Singles. Dkt. 17, at 4-10.

As explained above, the basis for Defendant's argument is that Plaintiff's termination notice fails to comply with the two-year notice requirement under 17 U.S.C. § 203(a)(4)(A). The parties agree that the service date was less than two years before the printed effective termination date for the Singles. The parties disagree, however, whether this fact invalidates Plaintiff's attempted termination.

Plaintiff argues that his termination was valid under the harmless error doctrine in 37 C.F.R. § 201.10(e). That provision states as follows:

> "Harmless errors in a notice, statement of service, or indexing information provided electronically or in a cover sheet shall not render the notice invalid. For purposes of this paragraph, an error is 'harmless' if it does not materially affect the adequacy of the information required to serve the purposes of 17 U.S.C. 203...."

Defendants essentially argue that the harmless error rule cannot be invoked to cure an error in the effective date of termination listed in an author's notice of termination. The Court disagrees. As explained in detail below, the error alleged by Plaintiff plausibly falls within the ambit of the harmless error regulation, and excusing Plaintiff's error in this case is consistent with the statutory termination requirements in section 203.

_____ : _____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01165-SVW-MAA | Date | July 12, 2021 |
|---|---|---|---|
| Title | *Dwight Yoakam v. Warner Music Group Corp. et al.* | | |

### A. The Harmless Error Regulation Can Apply to Effective Termination Dates

Defendants' main contention is that the harmless error regulation cannot correct errors with an effective date of termination. Considering the language of the harmless error regulation, however, it is clear that, at least in some cases, the harmless error regulation can encompass errors in communicating an effective date of termination.

The harmless error regulation is limited to "harmless errors *in a notice*." 37 C.F.R. § 201.10(e) (emphasis added). That language distinguishes errors in a notice, i.e., the document communicating to the grantee an intent to terminate, from errors in complying with the statutory requirements for termination. *See Nimmer on Copyright* § 11.06 ("Because the harmless error doctrine applies only to information regarding the adequacy of notice, it cannot be invoked to excuse timing errors.").

While some errors in the effective termination date are inexcusable mistakes of timing, others can surely count as errors *in a notice*.

A few examples help to illustrate this distinction. Suppose in this case that the effective date listed in the notice was nonsensical under the circumstances, e.g., "February 5, 3021." In that case, there would be no concern that the effective termination date intended by the author was in fact February 5, 2021, and that this date complied with statutory requirements, including the two-year minimum notice period. The only issue would be that something went awry when the notice was prepared, and the notice failed to clearly communicate the intended effective date.

These examples are distinct from cases where the effective date chosen by an author is inconsistent with the two-year service requirement of section 203. For example, suppose the notice listed "February 5, 2021." Then suppose the notice of termination was not served until February 5, 2020. In that case, the error would not be *in a notice*; rather, the alleged error would be that the author only gave one year of notice, a full year short of section 203's two-year minimum notice period. Even if an author plausibly alleged error in serving the notice too late, the harmless error doctrine would not allow the author to argue that his termination was effective as of February 5, 2021 – section 203's two-year notice requirement would not have been satisfied until February 5, 2022 at the earliest.

| | : | |
|---|---|---|
| | Initials of Preparer | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01165-SVW-MAA | Date | July 12, 2021 |
|---|---|---|---|
| Title | *Dwight Yoakam v. Warner Music Group Corp. et al.* | | |

When a plaintiff plausibly alleges error in a notice, the regulation contemplates a case-specific inquiry into whether the notice provided was nevertheless adequate "to serve the purposes" of the termination provision.  37 C.F.R. § 201.10(e).  "[B]y the regulation's own formulation, an error's materiality,' and hence its 'harmlessness,' was to be viewed through the prism of the information needed to adequately advance the purpose sought by the statutory termination provisions themselves."  *Siegel v. Warner Bros. Entm't Inc.*, 690 F. Supp. 2d 1048 (C.D. Cal. 2009).

Defendants have offered no reason why, as a general matter, a plaintiff could never show that an error in communicating an effective date of termination in a notice did "not materially affect the adequacy of the information required to serve the purposes of 17 U.S.C. 203."  37 C.F.R. § 201.10(e).  Surely, some errors in an effective date of termination could produce so much ambiguity and confusion that a copyright grantee simply cannot ascertain when a grant terminates, and the error may then be material and therefore incurable.  At least in the case of a simple typographical error, like the "February 5, 3021" example, however, a grantee would surely know exactly what effective date was *meant*.

While not binding, the Court finds persuasive the only case to have addressed this question.  In *Johansen v. Sony Music Entm't Inc.*, 2020 WL 1529442 (S.D. N.Y. 2020), a musician served a termination notice on July 15, 2015 with an effective termination date for one work of June 16, 2017, one month short of the two-year minimum notice period.  *Id*. at *2.  The notice and effective dates for all other works in the notice were separated by exactly two years.  *Id.* at *5.  Given that the error was isolated to one work, the Court concluded that the plaintiff had plausibly alleged a "scrivener's error" that could be excused by the harmless error rule.  *Id.*

Other cases applying the harmless error doctrine make clear that the doctrine can apply to other defects relating to important termination requirements.  *See*, *e.g. Waite v. UMG Recordings, Inc.*, 450 F. Supp. 3d 430, 440 (S.D.N.Y. 2020) (applying harmless error doctrine to omitted dates of grant of execution and incorrect dates for relevant agreements); *Mtume v. Sony Music Entm't*, 408 F. Supp. 3d 471, 476 (S.D.N.Y. 2019) (applying harmless error doctrine to incorrect dates of execution); *Stillwater Ltd. v. Basilotta*, 2017 WL 2906056, at *4 (C.D. Cal. 2017) (applying harmless error doctrine to allegedly inaccurate publication date); *Siegel v. Warner Bros. Entm't Inc.*, 658 F. Supp. 2d 1036, 1091

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01165-SVW-MAA | Date | July 12, 2021 |
|---|---|---|---|
| Title | *Dwight Yoakam v. Warner Music Group Corp. et al.* | | |

(C.D. Cal. 2009), *rev'd on other grounds*, 504 F. App'x 586 (9th Cir. 2013) (applying harmless error rule to failure to include particular works in long list of works subject to termination). This Court has not identified any case finding that an error *in a notice* is exempt from the harmless error regulation.

  While the harmless error doctrine has a broad scope, that does not mean it will forgive every error in a notice or render section 203's notice requirements a nullity. A case-by-case inquiry must be conducted to determine whether a particular error in a notice is in fact harmless as defined in 37 C.F.R. § 201.10(e). *See Siegel*, 658 F. Supp. 2d at 1093 (describing harmless error role as a "fact-intensive inquiry").

  Defendants cite three non-binding authorities for the proposition that an error in the effective termination date in a notice cannot be harmless. However, none of these authorities address a situation where an author alleges that the notice failed to accurately communicate the intended effective date.

  First, Defendants cite *Nimmer on Copyright*, which states as follows:

> Because the harmless error doctrine applies only to information regarding the adequacy of notice, it cannot be invoked to excuse timing errors, whereby termination is noticed for a date outside the proper five-year window, or service is effectuated more than ten years or less than two years before the date specified in the termination notice. In principle, even a variance of one day will doom an attempt at termination as untimely, by analogy to strict application of governing statutes of limitation.

> *Nimmer on Copyright* § 11.06

  This passage addresses the Copyright Act's rigidity with respect to "timing errors" rather than errors in "information regarding the adequacy of notice." As to the two-year minimum notice period, the passage considers a case where "service is effectuated more than ten years or less than two years before the date specified in the termination notice." It does not consider the entirely different circumstance presented by this case and discussed above – namely, an error in preparing the notice to communicate the effective date intended by an author.

| | : | |
|---|---|---|
| | Initials of Preparer | |
| | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01165-SVW-MAA | Date | July 12, 2021 |
|---|---|---|---|
| Title | *Dwight Yoakam v. Warner Music Group Corp. et al.* | | |

Second, Defendants cite to the following language from *Siegel v. Warner Bros. Entm't Inc.*:

> "Once a termination effective date is chosen and listed in the notice, the five-year time window is an unbendable rule with an inescapable effect, not subject to harmless error analysis."
>
> 542 F. Supp. 2d 1098, 1121-22 (C.D. Cal. 2008), *rev'd on other grounds*, 504 F. App'x 586 (9th Cir. 2013).

The context of this quote, however, makes clear that the statement applied to an error in timing and not an error in communicating the effective date. *Siegel* involved an effort by heirs of a co-creator of the Superman character to terminate copyright grants for hundreds of Superman comics, and the long-running saga addressed numerous issues relating to copyright termination. The discussion cited by Defendants was limited to early Superman promotional announcements. *Id.* at 1118-22.

The heirs served seven separate termination notices all with the same effective date. *Id.* at 1114. The notices were pursuant to section 304(c), which provides a similar right of termination to section 203(a) for works that precede 1978, with a similar five-year termination window. *See* 17 U.S.C. § 304(c). These promotional announcements were published long enough before the effective date chosen in the notices that the effective date fell outside the works' five-year termination window. *Id.* at 1118. The effective date in the notices was communicated as intended, but the error was in "failing to structure the termination notices so as to sweep the announcements within its reach." *Id.* at 1121-22. This was an error in timing, and not in communicating the intended effective date within the notice.

The third authority cited by Defendants is a Register of Copyrights publication addressing ambiguities in whether the termination provisions in section 304 or section 203 apply. *Final Rule*, *Gap in Termination Provisions*, 76 FR 32316 (2011). Defendants cite the Register's comment that, "if the wrong date [of execution] is recited in the notice and a court subsequently determines that the actual date of execution was at a time that places the effective date of termination or the date of service of the notice of termination outside of the statutory windows, the harmless error doctrine will be of no

|  |  : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01165-SVW-MAA | Date | July 12, 2021 |
|---|---|---|---|
| Title | *Dwight Yoakam v. Warner Music Group Corp. et al.* | | |

assistance." *Id.* at 32319. This passage addresses a situation where a work is ineligible for termination because the five-year termination window or two-year service period were not satisfied given the actual date of execution. It does not address errors in communicating information within the notice where the actual date of service complies with the two-year requirement and falls within the five-year window.

In short, none of Defendants' cited authorities undermine the Court's conclusion that the harmless error regulation can apply to errors in the effective date of termination within a notice.

Defendants' final argument is equally unpersuasive. Defendants argue that the harmless error regulation would be invalid to the extent it can cure an error in an effective termination date because it would be inconsistent with the statute. Dkt. 17, at 7-8. The Court sees no inconsistency.

Section 203(a)(4)(A) states that "[t]he notice shall state the effective date of the termination." The harmless error regulation is entirely consistent with this requirement. As applied to effective termination dates, the harmless error regulation simply provides detail about how to determine what effective date a notice states. Cases may arise where mistakes and ambiguities make unclear what effective date is actually stated in the notice. Once the proper effective date is determined, the regulation instructs that the error be excused and the notice be read as stating the effective date that the author intended to convey. *See Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158, 165 (2007) ("The power of an administrative agency to administer a congressionally created program necessarily requires the formulation of policy and the making of rules to fill any gap left, implicitly or explicitly, by Congress." (quoting *Chevron, U.S.A., Inc. v. Nat'l Res. Def. Council*, 467 U.S. 837, 843 (1984)) (cleaned up)).

In light of the foregoing, the Court concludes that, as a general matter, the harmless error regulation may excuse an error in communicating the effective date in a notice of termination.

### B. The FAC Plausibly Alleges a Harmless Error Occurred

Turning to the facts of this case, the Court concludes that Plaintiff adequately pleads ownership of the copyrights in the Singles based on the harmless error regulation.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01165-SVW-MAA | Date | July 12, 2021 |
|---|---|---|---|
| Title | *Dwight Yoakam v. Warner Music Group Corp. et al.* | | |

First, Plaintiff plausibly alleges that the January 31, 2021 effective termination date was an error in the notice. FAC ¶ 19. Each of the effective termination dates in the notice was exactly 35 years after the date of publication, the earliest possible date. It is plausible that, when Plaintiff decided to serve the notice on February 5, 2019, Plaintiff intended that the termination for the Singles would be effective exactly two years later, on the earliest possible date of February 5, 2021. It is plausible that his counsel simply failed to update the effective date in the notice. *See Johansen*, 2020 WL 1529442, at *5; *see also Siegel v. Warner Bros. Entm't Inc.*, 658 F. Supp. 2d at 1095 (applying harmless error rule where notice indicated "plaintiffs' intent to terminate the copyrights in *all* the Superman works").

Second, Plaintiff also plausibly alleges that this error was harmless. An error is harmless if it "does not materially affect the adequacy of the information required to serve the purposes of 17 U.S.C. 203." 37 C.F.R. § 201.10(e). Courts have adopted a permissive approach in resolving motions to dismiss turning on a plaintiff's invocation of the harmless error rule. *See Waite*, 450 F. Supp. 3d at 440 ("[V]iewing the facts in the light most favorable to plaintiffs, it is plausible that defendant can reasonably identify the grants and works plaintiffs seek to terminate."); *Mtume*, 408 F. Supp. 3d at 477 ("At this stage of the litigation and considering all facts in the light most favorable to [Plaintiff], the Court finds it plausible that [Defendant] was on notice as to which recordings were included in the Termination Notice."); *Stillwater Ltd.*, 2017 WL 2906056, at *4 (denying motion to dismiss where "factual issue[s]" precluded an ultimate determination on the adequacy of the publication date in the notice). The harmless error regulation's standard – whether the error "materially affects the adequacy of the information" – calls for the kind of case-specific determination that is poorly suited to resolution on a motion to dismiss. *See Siegel*, 690 F. Supp. 2d at 1052 ("[A] general harmless error rule, unadorned, anticipates and invites disputes as to its application to arise and be resolved by the courts.").

Drawing all reasonable inferences in Plaintiff's favor on a motion to dismiss, the FAC plausibly alleges that the erroneous effective date did not materially affect the adequacy of the information required to serve the purposes of 17 U.S.C. § 203. One purpose of the termination provision in section 203 is to give a grantee "reasonable notice of what rights of theirs are being affected through the exercise of the author's (or heirs') termination right." *Siegel*, 690 F. Supp. 2d at 1056. The two-year minimum notice provision gives grantees "a reasonable chance to identify the grant and work at stake,"

Initials of Preparer : PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01165-SVW-MAA | Date | July 12, 2021 |
|---|---|---|---|
| Title | *Dwight Yoakam v. Warner Music Group Corp. et al.* | | |

which "must be balanced against ensuring ... the opportunity for authors or their heirs to actually share in the new right...." *Id.* Given the intent of the notice to terminate grants on the earliest possible date, it is plausible that a discrepancy of five days in the notice of termination still left Defendants a reasonable opportunity to discern Plaintiff's intended effective date and to manage their affairs in anticipation of Plaintiff recapturing his rights two years later – on February 5, 2021.

The Court notes that its conclusion is restricted to the plausibility of Plaintiff's harmless error allegation. The Court expresses no opinion about whether the error was in fact harmless in this case, which can only be determined in the context of a fuller record at summary judgment or trial.

While plausibility is a low bar, the harmless error doctrine will not allow every termination case to proceed beyond the pleading stage. As explained above, alleging harmless error will be of no benefit to a plaintiff who cannot allege compliance with section 203's timing requirements. Nor will it benefit a plaintiff whose alleged error so obviously prejudiced a grantee that it could not plausibly count as harmless under 37 C.F.R. § 201.10(e).

\* \* \*

Because Plaintiff has plausibly alleged that the listed effective date of January 31, 2021 was a harmless error, Plaintiff also plausibly alleges that the February 5, 2021 notice of termination was valid as to the Singles. Applying the harmless error rule, Plaintiff's notice complies with the statutory requirements. The February 5, 2021 effective date was exactly two years from service of the notice of termination and thus in compliance with section 203(a)(4)(A). This effective date is also within the five-year termination window under section 203(a)(3). Accordingly, Plaintiff has alleged that he validly terminated the grant of the Singles, and recaptured the copyright, effective February 5, 2021.

Therefore, Plaintiff plausibly alleges ownership of the copyrights in the Singles, and Defendants' motion to dismiss the copyright infringement claim must be denied.[1]

---

[1] The Court notes that Plaintiff alleges infringement of sound recordings from *Guitars*, *Cadillacs* and the "Honky Tonk Man" music video. The Court finds Plaintiff's allegations plausibly state a claim for copyright infringement as to these works.

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01165-SVW-MAA | Date | July 12, 2021 |
|---|---|---|---|
| Title | *Dwight Yoakam v. Warner Music Group Corp. et al.* | | |

### C. Conversion

"Section 301 of the [Copyright Act] seeks 'to preempt and abolish any rights under the common law or statutes of a State that are equivalent to copyright and that extend to works,' so long as the rights fall 'within the scope of the Federal copyright law.'" *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017) (citing H.R. Rep. No. 94–1476, at 130 (1976)).

In the Ninth Circuit, courts use a two-part test to determine whether a particular claim is preempted by the Copyright Act. First, courts determine whether the subject matter of the claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103. *Id.* Assuming it does, the second step is to determine whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106. *Id.*

Under the first step, "[t]he 'subject matter of copyright' embodies 'original works of authorship fixed in any tangible medium of expression ... from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device.'" *Id.* (quoting 17 U.S.C. § 102(a)). "[A] work is 'fixed' in a tangible medium of expression when its embodiment in a copy ... is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of time of more than transitory duration." *Id.* (quoting 17 U.S.C. § 101).

Both musical works and sound recordings are works of authorship under the Copyright Act. 17 U.S.C. § 102(a)(2), (7). The subject matter of Plaintiff's conversion claim is Defendants' continued "interfer[ence] with [Plaintiff's] possession and enforcement of copyrights in the Singles." FAC ¶ 130. Because the subject matter of the conversion claim is the Singles, which are sound recordings covered by the Copyright Act, the subject matter of the conversion claim overlaps with the subject matter of copyright. The first step of the preemption test is thus satisfied.

Under the second step, "[t]o survive preemption, the state cause of action must protect rights which are qualitatively different from the copyright rights. The state claim must have an extra element which changes the nature of the action." *Maloney*, 853 F.3d at 1019 (citation omitted).

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01165-SVW-MAA | Date | July 12, 2021 |
|---|---|---|---|
| Title | *Dwight Yoakam v. Warner Music Group Corp. et al.* | | |

Conversion claims will often fall outside the scope of preemption because conversion requires proof of "wrongful possession or disposition of a particular piece of property." *Patanik v. Hearst Corp.*, 2015 WL 12746704, at *8 (C.D. Cal. 2015); *see, e.g., Ashkayan v. X17, Inc.*, 2017 WL 8181026, at *3-*4 (C.D. Cal. 2017) (conversion claim for return of photographs not preempted by Copyright Act). However, "it is generally held that an action for conversion will lie only for the wrongful possession of the *tangible embodiment* of a work, whereas a copyright action must be brought for wrongful use of the intangible artistic property contained therein." *Nimmer on Copyright* § 1.15[I][1]; *see also BlueGem Security, Inc. v. Trend Micro Inc.*, 2009 WL 10672402, at *3 (C.D. Cal. 2009) (collecting cases).

Plaintiff makes numerous conclusory allegations to the effect that Defendants are wrongfully possessing Plaintiff's property. *See, e.g.*, FAC ¶ 130 ("Defendants have intentionally and substantially interfered with Mr. Yoakam's possession and enforcement of copyrights in the Singles."); ¶ 132 ("Defendants have prevented Mr. Yoakam from accessing and exploiting his exclusive copyrights."). However, when these conclusory allegations are set aside, any distinction between the rights asserted under Plaintiff's conversion claim from the rights protected by copyright quickly collapses. The gravamen of Plaintiff's complaint is that Defendants are interfering with Plaintiff's rights in property because they are refusing to acknowledge the termination of his copyright grant. There is no tangible property Plaintiff asks Defendants to return – Plaintiff is complaining about Defendant's continued use, and interference with Plaintiff's exclusive use, of the Singles. As presently alleged, Plaintiff's conversion claim thus asserts rights that are protected by copyright, and the second step of the preemption test is satisfied.

Because both steps of the test are satisfied, the Court concludes that Plaintiff's conversion claim is preempted by the Copyright Act.

### D. Ripeness as to Later Works

"The ripeness doctrine 'is peculiarly a question of timing' ... designed 'to separate matters that are premature for review because the injury is speculative and may never occur from those cases that are appropriate for federal court action.'" *Wolfson v. Brammer*, 616 F.3d 1045, 1057 (9th Cir. 2010) (citations omitted). The ripeness inquiry is similar to the "injury in fact" analysis for Article III

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01165-SVW-MAA | Date | July 12, 2021 |
|---|---|---|---|
| Title | *Dwight Yoakam v. Warner Music Group Corp. et al.* | | |

standing, asking "whether the issues presented are 'definite and concrete, not hypothetical or abstract.'" *Id.* at 1058 (quoting *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138-39 (9th Cir. 2000) (en banc)). Courts ask "whether the plaintiffs face 'a realistic danger of sustaining a direct injury ... or whether the alleged injury is too 'imaginary' or 'speculative' to support jurisdiction." *Thomas*, 220 F.3d at 1139 (citations omitted).

The Court finds that Plaintiffs' request for declaratory relief is not ripe as to works with an effective termination date beginning in 2022. While an injury has allegedly already occurred with respect to works with effective termination dates in 2021, because Defendants have allegedly infringed, taken down, or refused to acknowledge Plaintiff's recaptured interest, Plaintiff has no comparable allegations as to works with future effective termination dates.

Plaintiff's allegations as to works with future effective termination dates only amount to speculation about a possible future injury. Nothing in the pleadings suggests that Defendants will infringe on those works or refuse to acknowledge the validity of Plaintiff's termination as to those works. The legal issues raised by the Singles are distinct because the listed effective termination dates fell under two years from the service date of the notice, and no similar argument can be raised as to works with termination dates between 2022 and November 3, 2030.[2]

Because it remains speculative that any dispute will arise regarding works with future effective termination dates, the request for declaratory relief is dismissed as unripe with respect to those works.

### E.   WMGC's Liability

Finally, Defendants move to dismiss Plaintiff's claims against Defendant Warner Music Group Corp. ("WMGC"). The only allegations specifically concerning WMGC is that it shares an office with the other Defendants, that it owns and controls the other Defendants, and that an employee of Defendant Rhino Entertainment Company was acting at WMGC's direction in correspondence with Plaintiff's

---

[2] Many of these works were created under a different agreement from the Singles and *Guitars, Cadillacs*, which may raise distinct issues. *See* Declaration of Melissa Battino, Dkt. 17-1 ¶¶ 2-4

Initials of Preparer     :   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01165-SVW-MAA | Date | July 12, 2021 |
|---|---|---|---|
| Title | *Dwight Yoakam v. Warner Music Group Corp. et al.* | | |

counsel concerning the termination notice. FAC ¶¶ 31, 40-41.

Defendants argue that these allegations are insufficient to subject WMGC to liability. Dkt. 17, at 20-21. The Court agrees.

Because "[e]ach defendant is entitled to know what he or she did that is asserted to be wrongful ... [a] complaint based on a theory of collective responsibility must be dismissed." *Bank of America, N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). "A defendant's ownership interest in a separate corporate entity cannot, on its own, establish liability for the separate entity's infringement." *Unicolors, Inc. v. H&M Hennes & Mauritz L.P.*, 2018 WL 10307045, at *8 (C.D. Cal. 2018) (citing *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 519-20 (9th Cir. 1985)), *rev'd on other grounds*, 959 F.3d 1194 (9th Cir. 2020). Discounting the conclusory allegations about control, Plaintiff's allegations against WMGC amount to no more than a claim for infringement based solely on ownership. Consequently, Plaintiff fails to state a claim for infringement as to WMGC.[3]

**IV.     Conclusion**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss. The Court GRANTS Plaintiff leave to amend the conversion claim or the allegations as to WMGC. Any amended complaint should be filed within 14 days of this order.

IT IS SO ORDERED.

---

[3] Plaintiff argues that he plausibly pleads alter ego liability based on Defendants' common office and Defendant Rhino Entertainment Company's response to an inquiry initially sent to WMGC. Dkt. 20, at 23-25. To survive a motion to dismiss based on alter ego liability, a plaintiff must "allege specific facts supporting both of the elements of alter ego liability": (1) such unity of interest and ownership that separate personalities no longer exist, and (2) an inequitable result from recognizing the corporate form. *See Gerritsen v. Warner Bros. Entm't Inc.*, 116 F. Supp. 3d 1104, 1136 (C.D. Cal. 2015). Plaintiff's threadbare allegations fall far short.

| | : |
|---|---|
| Initials of Preparer | PMC |